IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CSC, *et al.*,  )<br>)<br>Defendants.  ) | CIVIL NO. 06-629-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is Plaintiff's motion for an extension of time to file an amended complaint, to file a response to Defendant GEO's motion to dismiss, and for appointment of counsel (Doc.45).

**MOTION TO AMEND**

The original complaint (Doc. 1)[1] lists 27 individuals and entities as Defendants in this action. However, with few exceptions, the complaint presents no allegations against any specific Defendant. Rather, Plaintiff's claims regarding his medical care refer generically to "defendants."

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d

---

[1] This same document is also filed as Document 6 in this action.

>1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's complaint does not provide such a short and plain statement of the claim, as it requires the Court and defendants "to forever sift through its pages" to determine which allegations are made against each defendant. Proceeding with the instant complaint also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

>Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served. A motion to dismiss does not constitute a responsive pleading for purposes of Rule 15(a); thus, an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right. *See Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988) (per curiam); *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972 (7th Cir. 1991). If final judgment is entered dismissing the case, however, the plaintiff loses that right. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *see also Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 784 (7th Cir. 1994). At that juncture, the plaintiff must either appeal the dismissal or seek to have the case reopened so that she may pursue amendment of the complaint. *Car Carriers*, 745 F.2d at 1111; *see also Rothner v. City of Chicago,* 929 F.2d 297, 300 (7th Cir. 1991).

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).

Accordingly, Plaintiff's request for time to file an amended complaint is **GRANTED**.

Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the entry of this order.

**IT IS FURTHER ORDERED** that his amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant.

**IT IS FURTHER ORDERED** that should Plaintiff not file an amended complaint within the allotted time, this action shall rest upon the original complaint, and the Court will proceed accordingly with its review of that complaint pursuant to 28 U.S.C. § 1915(e)(2).

### APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint counsel to represent him in this matter, pointing out that he was previously appointed counsel in the Northern District of Illinois. However, that appointment was vacated when the action was transferred to this District.

Before the Court can consider a *pro se* plaintiff's motion for appointment of counsel, the plaintiff must make a showing that he has made reasonable efforts to find a lawyer on his own. *See Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Plaintiff has not done that. However, his motion would have to be denied in any event.

The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff appears competent to read, express his thoughts in writing and follow directions generally. Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged. In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases. In most instances,

if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Plaintiff's case is not particularly complex. He contends that Defendants were deliberately indifferent to his medical needs, and the law governing Eighth Amendment claims relating to medical treatment of prisoners is well settled. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Plaintiff does not need to pore over law books to obtain additional precedent. His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

Plaintiff's case is the kind of case that is likely to generate interest among members of the bar so it is important for Plaintiff to try to find counsel on his own. Because the cost of medical experts is so great, most individuals suing for medical mistreatment of the serious nature required to state a claim under the Eighth Amendment seek out a lawyer who would be willing to take the case on a contingent fee basis. This means that if the plaintiff wins, the cost of the experts will be recovered and the lawyer will be paid for his or her time and expenses in pursuing the case. The contingent fee system serves as a reality check for litigants. If no lawyer with a background in medical malpractice cases is willing to take Plaintiff's case, chances are high that the case is one the lawyers have assessed either as not likely to succeed or as not likely to result in a damage award large enough to recoup the expense of prosecuting the case.

As noted earlier, Plaintiff has not indicated that he has asked any lawyer to take his case. Once he begins this process, he will either find a lawyer willing to take the case or he will discover that no lawyer is willing to do so. It is difficult for lawyers to decline to take a case when the Court asks them to do so. Therefore, in an ordinary medical care case such as this one, it is inappropriate for a court to select a lawyer to take the case without regard for his or her assessment of the risks of incurring the expense of the lawsuit against the probability of succeeding on the merits of the

case.  If Plaintiff is to be represented by counsel, he will have to find counsel on his own. Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

**MOTION TO DISMISS**

Because the Court has granted Plaintiff's request for additional time to file an amended complaint, Defendant GEO's motion to dismiss (Doc. 43) is now **MOOT**.  Likewise, Plaintiff's request for additional time to respond to that motion is also **MOOT**.

**OTHER MATTERS**

When Plaintiff's motion for leave to proceed *in forma pauperis* was granted in the Northern District (Docs. 3, 5), a summons was issued for each named defendant.  It appears that all summones were returned unexecuted, and only Defendant GEO has entered an appearance.  The Court commends GEO for its diligence in responding.  However, until the Court has completed its review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), there is no need for any Defendant to file any additional pleadings in this matter.  Once the Court completes its review of the complaint, or of the amended complaint should one be filed in a timely manner, Defendants will be notified and directed to respond to the complaint, should any portion of the complaint survive that review.

**IT IS SO ORDERED.**

Dated: October 20, 2006.

                                            s/ J. Phil Gilbert
                                            **U. S. District Judge**