IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,**     **Plaintiff,** vs. **CSC,** *et al.***,**     **Defendants.** | ) ) ) ) ) ) **CIVIL NO. 06-629-JPG** ) ) ) ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is a pleading that the Clerk construed as a motion to amend the complaint (Doc. 47). A careful reading of this pleading indicates that it is, instead, a response to Defendant GEO's motion to dismiss (Doc. 43). Because the Court granted Plaintiff's prior motion to amend and found GEO's motion to be moot (Doc. 46), Plaintiff's objection to that motion was unnecessary. The instant "motion" is therefore **MOOT**.

Plaintiff also has filed a motion to reconsider the denial of his request for appointment of counsel (Doc. 48). For the reasons explained in the Court's prior order (Doc. 46), this motion is **DENIED**.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims

>or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

In this action, Plaintiff's primary complaint involves his medical care.  He states that for a period of six weeks in early 2005, "Defendants refused to provide [him] with his daily medications." As a result, he collapsed and hit his head on the concrete floor, but he claims that "the defendant" would not allow him to be treated by a neurosurgeon.  Nowhere in the complaint, however, does Plaintiff specify how any of the 27 named defendants was personally responsible for any of these decisions.

The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED.R.CIV.P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot

state a claim against a defendant by including the defendant's name in the caption.").

The instant complaint fails to put any defendant on notice of what particular claims are made against him or her, and the Court is unable to make that determination from Plaintiff's overly generalized allegations.  Accordingly, Plaintiff has failed to state a claim against any defendant upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** without prejudice to Plaintiff's filing of an amended complaint in which he associates specific claims with specific defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE an AMENDED COMPLAINT within THIRTY (30) DAYS of the date of entry of this order**.  Any amended complaint must identify, with particularity, what claims are made against each of the named defendants.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to file an amended complaint, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: September 17, 2007.**

                                       **s/ J. Phil Gilbert**
                                       **U. S. District Judge**